**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------X
FLEET BUSINESS CREDIT, L.L.C.,          :
                                        :
                    Plaintiff,          :
                                        :  02 Cv. 3721 (BSJ)(JCF)
            v.                          :
                                        :
GLOBAL AEROSPACE UNDERWRITING           :
MANAGERS LTD., INDEMNITY INSURANCE      :
COMPANY OF NORTH AMERICA,               :
THE MARINE INSURANCE, COMMERCIAL        :
UNION, GU INTERNATIONAL,                :
MITSUI MARINE AND FIRE,                 :
MUNICH RE, EAGLE STAR, and TOKIO        :
MARINE AND FIRE,                        :
                                        :
                    Defendants.         :
---------------------------------------X
HIGHLAND CAPITAL MANAGEMENT L.P.,       :
                                        :
                    Plaintiff,          :
                                        :  02 Cv. 9360 (BSJ)(JCF)
            v.                          :
                                        :
GLOBAL AEROSPACE UNDERWRITING           :
MANAGERS LTD., INDEMNITY                :          **OPINION & ORDER**
INSURANCE COMPANY OF NORTH AMERICA,     :
MARINE INSURANCE, COMMERCIAL UNION,     :
and CGU INTERNATIONAL,                  :
                                        :
                    Defendants.         :
---------------------------------------X

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

These consolidated actions concern a dispute over the extent of coverage of an insurance

policy issued to a commercial airline, Tower Air Inc. ("Tower"). On June 18, 2009, Magistrate

Judge Francis issued a Report and Recommendation ("R&R") that advised the Court to grant in

part and deny in part a motion for summary judgment filed by Defendants. Both Plaintiffs and

Defendants object to portions of the Magistrate Judge's R&R.

1

**BACKGROUND**

Beginning in 1996, Plaintiff Fleet Business Credit, L.L.C. ("Fleet") leased airframes and engines to Tower, Inc. ("Tower"). Beginning in 1997, Plaintiff Highland Capital Management L.P. ("Highland") provided Tower with financing for others. In 2000, Tower filed for voluntary bankruptcy under Chapter 11. Reports later showed that component parts from the aircraft and engines provided by Fleet and Highland had been removed around the time of the bankruptcy filing. According to Tower's records, many of the removed parts were installed in other Tower aircraft. The whereabouts of other parts was undocumented. On June 14, 2000, the Tower bankruptcy trustee issued a directive to Tower's employees ordering them to stop removing parts from the Fleet and Highland equipment. Some parts were nonetheless removed after the issuance of this directive, as Tower records documented. In 2000, Fleet and Highland submitted claims for the missing parts to Tower's insurance broker. Those claims were denied.

Coverage in this case is controlled by the wording of Tower's Airline Hull and Liability Insurance policy for the period May 1, 1998 to May 1, 1999 (the "Policy"), as previously determined by this Court in an Order dated October 30, 2007. Tower, Fleet, and Highland were co-insureds under this Policy.

The R&R describes the procedural history and additional facts in some detail, familiarity with which is presumed.

**STANDARD OF REVIEW**

**A. Review of R&R**

When a Magistrate Judge has issued findings or recommendations, the district court "may accept, reject, or modify [them] in whole or in part." 28 U.S.C. § 636(b)(1)(C). The Court reviews <u>de novo</u> any portions of a Magistrate Judge's R&R to which a party has stated an

objection.  28 U.S.C. § 636(b)(1)(C); see United States v. Male Juvenile, 121 F.3d 34, 38 (2d

Cir. 1997).  "Where no objections are filed, or where the objections are 'merely perfunctory

responses, argued in an attempt to engage the district court in a rehashing of the same arguments

set forth in the original petition,' the court reviews the report for clear error."  Brown v. Ebert,

No. 05 Civ. 5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006) (quoting Gardine v.

McGinnis, No. 04 Civ. 1819, 2006 WL 3775963, at *4 (S.D.N.Y. Dec. 20, 2006)).

**B. Summary Judgment**

Rule 56 of the Federal Rules of Civil Procedure provides that a court shall grant a motion

for summary judgment "if the pleadings, the discovery and disclosure materials on file, and any

affidavits show that there is no genuine issue as to any material fact and that the movant is

entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  "The party seeking summary

judgment bears the burden of establishing that no genuine issue of material fact exists and that

the undisputed facts establish her right to judgment as a matter of law."  Rodriguez v. City of

New York, 72 F.3d 1051, 1060-61 (2d Cir. 1995).  The substantive law governing the case will

identify those facts that are material and "[o]nly disputes over facts that might affect the outcome

of the suit under the governing law will properly preclude the entry of summary judgment."

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In determining whether a genuine issue of material fact exists, a court must resolve all

ambiguities and draw all reasonable inferences against the moving party.  Matsushita Elec.

Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  "If, as to the issue on which

summary judgment is sought, there is any evidence in the record from any source from which a

reasonable inference could be drawn in favor of the nonmoving party, summary judgment is

improper."  Chambers v. TRM Copy Centers Corp., 43 F.3d 29, 37 (2d Cir. 1994).

**DISCUSSION**

For the following reasons, the Court adopts the recommendation of Magistrate Judge Francis and GRANTS in part and DENIES in part Defendants' motion for summary judgment. Defendants' motion for summary judgment is GRANTED as to those claims seeking recovery on parts whose removal was "accounted for" (i.e. – documented) and occurred prior to issuance of the June 14, 2000 bankruptcy trustee directive. Defendants' motion for summary judgment is DENIED as to those claims seeking recovery on parts whose removal was "unaccounted for" (i.e. – not documented). Defendants' motion for summary judgment is also DENIED as to those claims seeking recovery on parts whose removal was accounted for and occurred subsequent to the issuance of the June 14, 2000 bankruptcy trustee directive.

Plaintiff's objections are overruled, except insofar as they seek clarification concerning recovery on parts removed after the trustee directive. Defendants' objections are overruled. Those portions of the Report and Recommendation that are not objected to have been reviewed for clear error and are hereby affirmed and adopted.

The Court will first address Plaintiff's objections to the R&R. It will then consider the Defendants' objections.

**A. Plaintiff's Objections**

Plaintiff states three objections to the R&R:  1) the R&R misconstrues the innocent coinsured rule, and suggests that the rule does not apply unless there is an express severability of interest provision applicable to the property damage coverage in question; 2) the Report incorrectly states that this Court previously determined, in its October 30, 2007 Order, that "there is no severability of interests as between insured" under the All Risk coverage, and that "under

4

the policy language as the Court has already construed it, intentional acts by Tower are not

fortuitous for purposes of recovery by Fleet and Highland"; and 3) although the Report

recognizes that on June 14, 2000, the Tower Air bankruptcy trustee ordered Tower's employees

to stop cannibalizing plaintiffs' equipment, it does not appear to permit plaintiffs to recover for

the parts removed after that date.

*1. The Innocent Coinsured Rule.*

Plaintiffs first object that the R&R misinterpreted the "innocent coinsured" rule and its

applicability.  The Court agrees with the Magistrate Judge that the "innocent coinsured" rule is

not applicable in this case and adopts the Magistrate Judge's conclusion that intentional acts by

Tower may not serve as the basis for recovery by Fleet and Highland. (R&R, 12.)  The Court's

reasoning is as follows.

Part II of the 1998-1999 Policy states that the "Insurers shall pay for any Physical

Damages loss to the Aircraft including disappearance of the aircraft," defining "Physical

Damage" as "direct and accidental physical loss of or damage to the aircraft sustained during the

Policy Period." (Decl. Katherine Posner dated February 6, 2009 Ex. 1, 15.)  It is undisputed that

the majority of the losses claimed by Plaintiffs were caused by intentional acts taken on behalf of

Tower, by Tower employees.  Based on a plain reading of the Policy language, claims based on

damage caused by these acts are not covered under Part II of the Policy, since they are not

"accidental."[1]

Plaintiffs argue, however, that the Court should ignore the otherwise plain meaning of the

---

[1] The same reading of the Policy's coverage results even when the Policy is characterized as an "all risks" insurance policy.  As the Magistrate Judge noted (R&R, 8), such policies cover the risk of all losses not specifically excluded from coverage, as long as the losses are "fortuitous." A&B Enterprises, Inc. v. Hartford Ins. Co., 198 A.D.2d 389, 389-90, 604 N.Y.S.2d 166, 166-68 (2d Dep't 1993).  Under the fortuity doctrine, a policyholder cannot obtain insurance for losses it "knows of, planned, intended or is aware are substantially certain to occur." National Union

Policy and reinterpret the term "accidental" in accordance with the "innocent coinsured" rule.[2]

Plaintiffs argue, essentially, that although certain acts were intentional in relation to Tower (a "guilty coinsured"), they were "accidental" in relation to Plaintiffs Fleet and Highland (the "innocent coinsureds"). This interpretation would require an expansion of the basic terms of coverage by requiring the insurer to pay out for claims based on the intentional acts of an insured party.

Both Plaintiffs and Defendants point to other portions of the Policy that they believe should recommend or discourage the Court from applying the "innocent coinsured" rule in this fashion. Specifically, the parties dispute the nature of the coinsureds' interests –joint or several – under various scenarios governed by the Policy, since the "innocent coinsured" rule is generally applicable only where interests are several.

Plaintiffs cite an endorsement to the Policy incorporating a standard mortgagee/lessor clause known in the industry as the Airline Finance/Lease Contract Endorsement ("the AVN 67B Endorsement").

"It is noted that the Contract Party(ies) have an interest in respect of the Equipment under

_____

Fire Ins. Co. v. Stroh Co., 265 F.3d 97, 106 (2d Cir. 2001) (citation and quotations omitted).

[2] More specifically, Plaintiffs object that the R&R misconstrues the innocent coinsured rule and suggests that the rule does not apply unless there is an express severability of interest provision applicable to the property damage coverage in question. The Court does not agree with Plaintiffs that the R&R makes such a suggestion. The Magistrate Judge's conclusion was that in this case, based on the plain meaning of the Policy, the coinsureds' interests were not several and that application of the "innocent coinsured" rule was not appropriate. Plaintiff's argument - that the "innocent coinsured" is the default that must be excluded - applies where it has already been determined that the insurance policy covers the damage claimed. At that point, a court might determine that although the actions of one "guilty" coinsured trigger the coverage exclusion, the claims of the "innocent coinsured" will not also be condemned by that exclusion. The court is generally guided by an examination of whether the coinsureds' interests are joint or several, with ambiguity resolved in favor of severability, and therefore also in favor of application of the "innocent coinsured" rule. See, e.g. Reed v. Federal Insurance Co., 71 N.Y.2d 581, 587-88, 528 N.Y.S.2d 355, 357-58 (1988) (if ambiguous, "the policy's language is read against the insurer and the interests are considered to be several" - "innocent coinsured" cases generally "concern individuals (one innocent, the other not) alleged to have a single interest in property or insurance proceeds and for that reason to share in each other's culpability, the wrongdoing of one nullifying recovery as to both"). In this case, however, conduct of the "guilty" coinsured has caused damage for which no insurance coverage was provided in the first place. It is, therefore, up to Plaintiffs to show that the spirit of the "innocent coinsured" rule nonetheless recommends an unconventional reading of the Policy's coverage so as to reach the damage claimed.

the Contract(s).  Accordingly, with respect to losses occurring during the period from the Effective Date until the expiry of the Insurance or until the expiry or agreed termination of the Contract(s) or until the obligations under the Contract(s) are terminated by any action of the Insured or the Contract Party(ies), whichever shall first occur, in respect of the said interest of the Contract Party(ies) and in consideration of the Additional Premium it is confirmed that the Insurance afforded by the Policy is in full force and effect."

Plaintiffs also cite section 3.2 of the AVN 67B Endorsement:

"The cover afforded to each Contract Party by the Policy in accordance with this Endorsement shall not be invalidated by any act or omission (including misrepresentation and non-disclosure) of any other person or party which results in a breach any term, condition or warranty of the Policy PROVIDED THAT the Contract Party so protected has not caused contributed to or knowingly condoned the said act or omission."

Defendants, as well as the R&R, point to the s.14 Cross Liability Provision of the Policy,

which states:

"This insurance shall provide the same protection to each insured hereunder as would have been available had this policy been issued separately to each Insured, except that in no event shall the Insurers total liability exceed the Limits of Liability set forth in the Declarations.  This provision shall not operate or apply to any claim for loss of or damage to property insured under Part II [the All Risk Hull Coverage] or Part IV [the All Risk Spares Coverage] of this Policy."

However, this dispute is secondary.  It would be relevant only if the Court believed that

the terms designating the scope of the Policy's coverage were somehow ambiguous on this issue.

That is, if the terms were ambiguous, and if the co-insureds' interests under this portion of the

Policy were several, then the Court might consider using the "innocent coinsured" rule to resolve

the ambiguity in favor of Plaintiffs' unorthodox interpretation of the Policy's coverage.

However, in this case, there is no such ambiguity.  The Policy plainly does not cover damage

caused intentionally by any-coinsured.

The "innocent coinsured rule" cannot be used to undermine this plain meaning.  As the

Magistrate noted, the "dominant" version of the "innocent coinsured" rule looks to the

contractual terms of the insurance policy in determining whether and how the rule applies. Reed,

71 N.Y.2d at 588, 528 N.Y.S.2d at 358; J. Aron & Co. v. Chown, 231 A.D.2d 426, 426, 647

N.Y.S.2d 8, 9 (N.Y.A.D. 1 Dept. 1996) (finding "express language" controlling as to

applicability of "innocent coinsured" rule); Krupp v. Aetna Life & Cas. Co, 103 A.D.2d 252,

261 (N.Y.A.D. 1st Dep't 1984) (looking to the "specific language in the insurance contract"

before determining that application of the "innocent coinsured" rule was appropriate).  Given this

emphasis on the contractual terms, the "innocent coinsured" rule cannot be used to expand the

scope of coverage – it cannot transform uncovered "intentional" acts into covered "accidental"

acts by forcing the Court to take on the perspective of the "innocent" coinsured rather than the

"guilty" coinsured actor.

     The Court therefore agrees with the conclusion of the Magistrate Judge, who determined

that Fleet and Highland could not recover from the insurer for losses caused by Tower's

intentional acts. (R&R, 12.)  Plaintiffs' objection is overruled.

*2. Severability and fortuitous acts according to the October 30, 2007 Order.*

     Plaintiffs also argue the Report incorrectly states that this Court previously determined

that "there is no severability of interests as between insured" under Part II of the All Risk

coverage, and that "under the policy language as the Court has already construed it, intentional

acts by Tower are not fortuitous for purposes of recovery by Fleet and Highland."  Although this

finding is not necessary to the Court's reasoning, which relies on the plain meaning of the Policy,

the Court does agree with the Magistrate Judge on this issue and overrules Plaintiffs' objection.

     In its Order dated October 30, 2007, the Court found that "[b]y its plain terms, this

provision provides each individual insured the same protection as if each insured had procured

the policy separately, except with respect to the All Risks coverage." (Order, 16.)  The Court also

noted that Defendants' interpretation of the Cross Liability Provision - "there is no severability of

8

interests as between insureds" under Parts II and IV of the Policy – conformed to the Court's

reading of the Provision's "plain terms" as applied to the situation at issue here, where an

intentional act by one coinsured caused the damage forming the basis of another coinsured's

claim.  The Court sees no reason to reconsider or alter that ruling.  Although the Endorsement

may suggest some severability of interests in certain cases of breach, nothing stated in the

Endorsement suggests that in the case presented here – where a coinsured seeks to collect first-

party coverage under Part II of the Policy on damage caused by the intentional acts of another co-

insured – the co-insureds interests are several.

The Court therefore agrees with the Magistrate Judge's reading of the October 30, 2007

Order.  Plaintiffs' objection is overruled.

*3. Recovery of parts removed after the Trustee's order.*

Plaintiffs also object to the R&R on the ground that its recommendations preclude

recovery on parts removed after June 14, 2000, the date upon which the Tower Air bankruptcy

trustee ordered Tower's employees to stop cannibalizing plaintiffs' equipment.  The R&R

recommends that summary judgment be granted with respect to claims seeking recovery on parts

whose removal was documented in Tower's records, and denied with respect to claims seeking

recovery on parts whose removal was undocumented.  This recommendation is premised on the

notion that Plaintiffs may not recover for any loss caused by Tower's intentional acts.  However,

Plaintiffs argue that there are some parts whose removal was documented but nonetheless

"accidental."

Plaintiffs argue that because on June 14, 2000 the Tower Air bankruptcy trustee issued a

directive to all Tower Air employees instructing them not to remove parts from the Plaintiffs'

equipment without the trustee's express written approval, no removal of parts after that date

should be viewed as, "the authorized or intentional actions of Tower Air." (Pl. Obj'n, 17.)

Defendants argue that the trustee directive did not "alter the fact that Tower continued its practice

of removing parts from certain aircraft and engines to install on others as a matter of routine and

thus retained the value of those parts." (Def. Resp. 3.)

The Court agrees with Plaintiffs that summary judgment should not be granted so as to

preclude claims based on the removal of parts that occurred after the date of the trustee's

directive. For those parts, there remains a disputed issue as to whether their removal was an

"accidental" loss or an "intentional" act perpetrated by the co-insured, Tower, and whether these

losses qualify as Physical Damage under the Policy. It may be possible, for example, to show

that because certain parts were removed by airline personnel in a manner incapable of imputing

intent to Tower itself, any loss resulting from those removals was "accidental" as far as *all* the

coinsureds were concerned.

Plaintiffs have presented a disputed issue of material fact as to whether they should be

precluded from recovery based on the documented removal of parts after issuance of the directive

by the bankruptcy trustee. Therefore, Plaintiffs' objection on this issue is sustained, and

Defendants' motion as to summary judgment concerning this recovery is DENIED.

## B. Defendant's Objections

Defendants object to the portion of the R&R recommending that Defendants' motion for

summary judgment be denied with respect to Plaintiffs' claims on those aircraft and engine parts

whose removal was not documented by Tower. Although Defendants dispute the Magistrate

Judge's findings on several points, their arguments can be stated as two objections: 1) that

Plaintiffs have not submitted evidence that would allow a reasonable trier of fact to determine

that anyone other than authorized Tower personnel removed parts from Plaintiffs' Equipment

10

(Def. Obj'n, 2); and 2) that the evidence Plaintiffs have submitted does no more than prove that

the claimed losses should be excluded under the Policy's "mysterious disappearances" provision.

Although both of these objection were presented and considered by the Magistrate Judge, the

Court will nonetheless briefly review the issues.

*1. Plaintiffs' Evidence*

The submissions by both parties demonstrate that Tower's general practice was to

document all removal of parts from aircrafts and engines. Tower's Director of Maintenance and

its C.O.O each testified that precise records were kept charting the removal of parts for use on

other airplanes. (See Plaint. Append. Ex. D, pp.18:17-10:4, 67; 18-68:8; Ex. E, p.36.) Other

evidence demonstrated that undocumented part removals would constitute a violation of Federal

Aviation Regulations. (Plaint. Append. Ex. F, pp.81,103.)   From these submissions, as well as

others, a reasonable trier of fact could believe that where no record was made of a part's removal,

that part was removed without authorization or intent on Tower's behalf.

The Court therefore adopts and affirms the Magistrate Judge's recommendation that

summary judgment should be DENIED as to those claims seeking recovery on parts whose

removal was not documented.  Defendants' objection is overruled.

*2. Exclusion J*

Defendants argue that the evidence submitted by Plaintiffs does not raise an inference that

losses covered by the Policy occurred, but instead raises only the inference that what losses there

were constituted "mysterious disappearances," excluded from coverage by Exclusion (J).  First,

as this Court has noted in the past and notes again now, the operation of Exclusion (J), the

"mysterious disappearances" provision, involves disputed issues of material fact – for example,

the effect of authorization/nonauthorization of parts removal; the meaning of "spares" as used in

11

Part IV of the Policy – that preclude summary judgment.  Second, even if the Court were to

accept at this stage that Exclusion (J) presumptively applied wherever there was an

undocumented part removal, Plaintiffs would still have raised a disputed issue of material fact in

demonstrating that the parts may have been stolen.  Under New York insurance law, policy

provisions excluding coverage for "unexplained loss" or "mysterious disappearance" do not

exclude coverage where the loss has been caused by theft. Gurfein Bros., Inc. v. Hanover Ins.,

Inc., 248 A.D.2d 227, 229-30 (N.Y.A.D. 1 Dept. 1998).   Exclusion may be avoided even where

the evidence does not establish the identity of the thief.  See Stella Jewelry Mfg., Inc. v. Naviga

Belgamar Through Penem Intern. Inc., 885 F.Supp.84, 86 (S.D.N.Y. 1995); Gurfein Bros., Inc.,

248 A.D.2d at 229.  Based on the records kept by Tower, as well as the location of the parts and

the practices regarding their removal, there is at least a triable issue as to whether parts were in

fact stolen, either by unauthorized personnel (without Tower's knowledge) or third parties.   In

sum, the Court agrees with the Magistrate Judge that the applicability and application of

Exclusion (J) involve multiples issues of disputed fact, and therefore summary judgment on this

issue is inappropriate.  Defendants' objection is overruled.

## CONCLUSION

Defendants' motion for summary judgment is GRANTED as to those claims seeking

recovery on parts whose removal was documented and occurred prior to issuance of the June 14,

2000 bankruptcy trustee directive.  Defendants' motion for summary judgment is DENIED as to

those claims seeking recovery on parts whose removal was documented and occurred subsequent

to the issuance of the June 14, 2000 bankruptcy trustee directive.  Defendants' motion for

summary judgment is DENIED as to those claims seeking recovery on parts whose removal was

not documented.

The parties are directed to submit a joint pretrial order to the Court on or before August 31, 2009.

**SO ORDERED:**

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Dated:      New York, New York
            July 28, 2009

13